UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD J. WATERMAN, | NO. C09-268-JLR-JPD |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| PAT GLEBE, | |
| Respondent. | |

*Pro se* petitioner Ronald J. Waterman brings two motions to voluntarily dismiss his 28 U.S.C. § 2254 habeas petition without prejudice because he concedes that numerous issues remain unexhausted, he currently has two personal restraint petitions ("PRPs") pending in state court, and he intends to file a third PRP containing a new claim. (Dkts. 59, 63); Fed. R. Civ. P. 41(a). The Court recommends **GRANTING** Mr. Waterman's motions (Dkts. 59, 63) and **DISMISSING** his mixed § 2254 habeas petition without prejudice to refiling a new habeas petition once he has fully exhausted his state-court remedies.

## BACKGROUND

When Mr. Waterman filed his 263-page federal habeas petition in 2009, he failed to inform the Court that he had filed three state personal restraint petitions ("PRPs"), two of which remained pending during 2010. Nevertheless, the Court twice allowed Mr. Waterman to amend his habeas petition. (Dkts. 30, 44.) The Court permitted the first amendment because

REPORT AND RECOMMENDATION - 1

1   the government had suggested that Mr. Waterman's habeas petition would be ripe for review
2   once the second PRP proceedings were complete, and the second PRP proceedings appeared to
3   have been fully resolved. (Dkt. 30, at 1–2.) The Court permitted the second amendment based
4   largely on Mr. Waterman's assertion that the three claims he sought to add (including
5   ineffective assistance of counsel) had been fully adjudicated by the Washington Supreme Court
6   in March 2010, and therefore had "been exhausted in both state appellate courts, and are
7   therefore properly before this Court for habeas review." (Dkt. 42, at 1–2; Dkt. 44, at 2.) Mr.
8   Waterman later moved to stay and abey has habeas petition based on the opposite contention,
9   that his claim for ineffective assistance of counsel remained pending before the Washington
10  Supreme Court and was therefore not fully exhausted. (Dkt. 45, at 2.) The Court denied his
11  motion to stay and abey the petition:

> Mr. Waterman has failed to show good cause for a failure to exhaust the ineffective assistance of counsel claim contained in his pending state PRP. The Court has already afforded him two opportunities to amend his petition, and afforded him the opportunity to add an ineffective assistance of counsel claim based on his assertion that it no longer remained pending. He has presented no reason why he could not have raised ineffective assistance of counsel properly in his fully resolved PRPs. In fact, the circumstances of Mr. Waterman's frequent, contradictory, and voluminous filings suggest that he is modifying the arguments raised in federal court in reaction to decisions made in state court and vice versa. Such parallel, dilatory tactics in the state and federal court systems constitute an abuse of the federal habeas process.

18  (Dkt. 51, at 3; *see also* Dkt. 37 (petitioner's notice that certain claims were unexhausted); Dkt.
19  39 (petitioner's notice that he was revoking concession of unexhausted claims because the
20  claims now time-barred); Dkt. 63, at 2–3 (petitioner's assertion that the unexhausted claims
21  may or may not be procedurally defaulted and the state court should be allowed to consider the
22  question in the first instance).)
23      Mr. Waterman now moves to voluntarily dismiss his § 2254 habeas petition because he
24  concedes that a number of his claims remain unexhausted, he has two PRPs pending in state
25  court, and he intends to file a third state PRP. (Dkt. 59, at 2; Dkt. 63, at 1–3; Dkt. 63-1, at 1.)
26  Without citation to authority, respondent opposes voluntary dismissal of the admittedly mixed

REPORT AND RECOMMENDATION - 2

petition, primarily because an answer has already been filed and Mr. Waterman's motion to stay and abey has been denied. (Dkt. 60, at 3; Dkt. 64, at 2.) In respondent's answer, he contends that Mr. Waterman's unexhausted claims are now procedurally defaulted in federal court because Washington's one-year statute of limitations bars him from collaterally attacking his conviction, which became final in December 2008, in state court. (Dkt. 47, at 23.)

## DISCUSSION

In order to present a claim to a federal court for review in a habeas corpus petition, a petitioner must first have presented that claim to the state court. *See* 28 U.S.C. § 2254(b)(1). Underlying this exhaustion requirement is the principle that, as a matter of comity, state courts must be afforded "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. *See* 28 U.S.C. § 2254(b)-(c); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge is pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted. *See id.* Moreover, the rule in *Sherwood* applies whether or not the issue raised in the pending state petition is included in the federal petition because a pending state court challenge may result in the relief the petitioner seeks, thereby mooting the federal petition. *See id.*

Because Mr. Waterman has two PRPs pending in the state courts and intends to file a third PRP, the instant petition for a writ of habeas corpus is premature and should be dismissed without prejudice to refiling once all state court post-conviction challenges to his conviction have been completed. *See* 28 U.S.C. § 2254(b)–(c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding that every claim raised in federal habeas petition must be exhausted); *see also Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*). Unlike the petitioner in *Smith v. Ratelle*, 323 F.3d 813 (9th Cir. 2003), Mr. Waterman has, on several occasions, been fully and accurately informed about the possible consequences of moving to dismiss his present habeas

REPORT AND RECOMMENDATION - 3

petition, with specific reference having been made to the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] (Dkt. 24, at 2; Dkt. 44, at 1–2; Dkt. 51, at 2–3.) He has never sought to withdraw his unexhausted claims so that he could proceed with his exhausted ones. The Court has previously found not only that he could not show good cause for his motion to stay and abey, but that he had abused the federal habeas process by filing numerous and contradictory documents in parallel state and federal proceedings. Mr. Waterman has been put on notice that respondent contends that his unexhausted habeas claims are now procedurally barred. (Dkt. 47, at 23.) In the past, Mr. Waterman has suggested that his claims were fully exhausted as time-barred in state court.

---

[1] For example, in October 2009, the Court specifically asked Mr. Waterman to specify how he wished to proceed given that his habeas petition appeared to contain exhausted and unexhausted claims:

> The Court has several options when faced with a mixed habeas petition containing exhausted and unexhausted claims: (1) dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition; and (3) allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005). If a district court exercises the first option, dismissal, a petitioner runs the risk of running afoul of the one-year statute of limitations period imposed by a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d), because the statute of limitations is not tolled during the pendency of a federal petition. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). If a district court exercises the second option, also known as "stay and abeyance," a petitioner must have shown that there was good cause for his failure to exhaust his claims first in state court and, even then, no stay may be granted when the petitioner's unexhausted claims are plainly meritless. *Rhines*, 544 U.S. at 277. If a district court exercises the third option, permitting only the exhausted claims to proceed, a petitioner might face high procedural hurdles were he to bring a second or successive habeas petition that challenges the same underlying convictions. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007) (noting that habeas petitioners proceeding with only exhausted claims may risk subjecting later petitions that raise new claims to rigorous procedural obstacles); *Cooper v. Calderon,* 274 F.3d 1270, 1272-73 (9th Cir.2001) (per curiam) (noting that the relevant statutes greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications); 28 U.S.C. § 2244(b) (providing that a claim presented in a second or successive § 2254 habeas petition "shall" be dismissed unless certain substantive and procedural requirements are met).

(Dkt. 24, at 2–3.)

REPORT AND RECOMMENDATION - 4

(Dkt. 39.)  In his motions to voluntarily dismiss, Mr. Waterman acknowledges both that his unexhausted habeas claims may (or may not) be procedurally barred and that AEDPA's one-year statute of limitations may impact whether a future habeas petition may be considered at all.  (Dkt. 63, at 2–3.)

In sum, Mr. Waterman has elected not to withdraw his unexhausted habeas claims to proceed with his exhausted ones and has failed to show good cause for a stay and abeyance.  He moves to dismiss his present petition so that the state courts may examine a number of his claims in his pending PRPs and a future PRP, and does so with full knowledge that AEDPA's one-year statute of limitations may bar consideration of a future, fully exhausted, federal habeas petition.  The Court therefore recommends granting his motions to dismiss the § 2254 petition without prejudice to refiling a new habeas petition in the future.

## CONCLUSION

The Court recommends **GRANTING** Mr. Waterman's motions to voluntarily dismiss (Dkts. 59, 63) and **DISMISSING** his § 2254 habeas petition without prejudice to refiling a new habeas petition once he has fully exhausted his state-court remedies.

DATED this 13th day of September, 2010.

JAMES P. DONOHUE
United States Magistrate Judge